PETER BAILEY, Appellant, v. E. WELLS *et al.*, Appellees.

**Conveyances of Real Estate:** CONDITIONS SUBSEQUENT: PERFORMANCE. A deed conveying a town lot to a church located in a small town, and mainly supported by farmers, contained the provision that the lot should be used "as a parsonage lot or church purpose, and no other," and if not so used should revert to the grantor. The lot adjoined the church, and was used by the congregation for the purpose of hitching their teams thereon during the services in the church. *Held*, that the use made of the lot was a "church purpose," within the meaning of the above condition in the deed.

*Appeal from Clarke District Court.*—HON. J. W. HARVEY, Judge.

WEDNESDAY, FEBRUARY 3, 1891.

THIS is a suit in equity in relation to the title to a lot in the village of Smyrna, in Clarke county. There was a hearing on the merits, and a decree for the defendants. The plaintiff appeals.—*Affirmed.*

*John Chaney*, for appellant.

No appearance for appellees.

ROTHROCK, J.—It appears from the record that the defendants claim that they are trustees of the Methodist Episcopal Church of Smyrna, and that the lot is church property. The plaintiff claims that he is the owner of the lot by virtue of a quitclaim deed from one Francis Snyder. It appears in evidence that, in the year 1869, the said church owned a lot, which was known as "Lot number 12," upon which there was a log building, used as a house of worship. The lot is four rods wide, and ten rods in length. In the fall of that year the congregation erected a new church upon the lot. The building is thirty feet wide, and forty feet long. At about the time the new cnurch building was erected, it was thought necessary that there should be more ground for church purposes, and it was contemplated that a parsonage might be erected. One Snyder proposed to donate additional ground for the uses above named. He did not own any lot adjoining the church lot, but had lots in another part of the town. One Stephen Gates owned lot 11, adjoining the church property; and an arrangement was made that Gates should convey lot 11 to the church, and that Snyder should convey one of his lots to Gates, so that lot 11 should be a gift from Snyder to the church. In pursuance of this agreement, Gates executed a conveyance of lot 11 to the church, in which there was the following provision: "Said lot to be used as a parsonage lot or church purpose, and no other, and when not so used said lot, by contract, is to revert back to Francis Snyder." No parsonage has been built on the lot. Both of the lots remained uninclosed until the year 1888, when the plaintiff conceived the idea that, because a parsonage had not been built on lot 11, it had reverted "back to Francis Snyder;" and he procured a quitclaim deed from Snyder to himself, and built a fence around the lot. The trustees of the church tore down the fence, and the trouble begins by plaintiff commencing this suit.

The evidence shows that public worship has been maintained in the church with the exception of certain intervals when service was somewhat infrequent. The village of Smyrna is not a metropolis. It is a very small place, and the church is kept up and maintained by the farmers who live in the neighborhood. The attendants on divine service travel to and from the church in such vehicles as they have, and tie up their teams and leave them standing during the services. They claim that the lot in question is necessary for this purpose. The plaintiff seems to be of opinion that this is not necessary; that teams may just as well be hitched elsewhere, and that the lot was never used for that purpose until after he received his quitclaim deed for it. It is insisted by appellant that the sole use to which the lot could lawfully be devoted was for the purpose of a parsonage or residence of the officiating minister. We think this is rather too narrow a construction of the conveyance. It is to be used as a parsonage lot "or church purpose." Any church purpose will meet every requirement of the grant, and the plaintiff ought not to be allowed to claim that the members of the congregation should hitch their teams elsewhere than on the church property. His claim amounts to this: That lot 12, which is sixty feet wide, is ample ground to meet the requirements of a congregation attending a country meeting-house. We think the claim cannot be maintained, and that lot 11 should be regarded as a necessary appurtenance to the church. AFFIRMED.